**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV237-2-V
(5:03CR37-12-V)**

| | |
|---|---|
| **SAMUEL BERNARD DAVIS, JR.** )<br>　　**Petitioner,** )<br>　　　　　　　　　　　　)<br>　　　v. 　　　　　　　　)<br>　　　　　　　　　　　　)<br>**UNITED STATES OF AMERICA,** )<br>　　**Respondent.** )<br>_____) | **O R D E R** |

**THIS MATTER** is before this Court upon petitioner's "Motion to Vacate, Set Aside, or Correct" under 28 U.S.C. §2255," filed August 8, 2005.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this Motion, the record reflects that on August 26, 2003, a three-Count Bill of Indictment was filed, charging the petitioner (along with 14 other individuals) with conspiracy to possess with intent to distribute five kilograms or more of cocaine powder and 50 grams or more of cocaine base, all in violation of 21 U.S.C. §846 (Count One); and with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §841(a)(1) (Count Three).

On February 3, 2004, the petitioner entered into a written Plea Agreement with the government. By the terms of the parties' Agreement, the petitioner agreed to plead guilty to the

conspiracy charge set forth in Count One in exchange for the government's promise to dismiss Count Three. In addition, the petitioner stipulated that he could be held accountable for involvement with in excess of 1.5 kilograms of cocaine base; that the Base Offense Level for the subject offense was 38; that a two level gun enhancement was appropriate under U.S. Sentencing Guidelines §2D1.1; and that his Total Offense Level would be 40. The parties further agreed that no other enhancements were applicable in the petitioner's case.

Also under the terms of the Agreement, the petitioner waived his right to challenge his case on direct appeal. Similarly, the petitioner limited his rights under 28 U.S.C. §2255, agreeing not to raise any claims other than those alleging ineffective assistance of counsel and/or prosecutorial misconduct in such a collateral proceeding.

On May 3, 2004, the Court conducted a Plea & Rule 11 Hearing, during which the undersigned engaged the petitioner in a lengthy colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. After considering the petitioner's responses to the Court's numerous questions--including his assurances that he understood and agreed to all of the terms of his Plea Agreement--the Court conditionally accepted the petitioner's guilty plea.

Next, on November 2, 2004, the government's "Motion For A

Downward Departure . . . " was filed.  According to the government, based upon the petitioner's offense level and his criminal history (which included 23 criminal history points, placing him in criminal history category VI), the petitioner was facing a Guidelines sentence of 360 months to life imprisonment.  However, the petitioner had provided substantial assistance to the government; therefore, the government asked the Court to reduce the petitioner's Offense Level to 31, and to impose a sentence of 188 months imprisonment.

Also on November 2, 2004, the Court held a Factual Basis & Sentencing Hearing in this matter.  During that Hearing, the petitioner reiterated both his desire to have the Court accept his guilty plea and his intention to proceed pursuant to his Plea Agreement.

Next, the Court granted the government's Motion for a Downward Departure.  Accordingly, after hearing from the parties, the Court sentenced the petitioner to a term of 188 months imprisonment.  The petitioner did not directly appeal his case.

Rather, on August 8, 2005, the petitioner filed the instant Motion to Vacate.  Such Motion alleges that the Court erred in applying the two-level firearm enhancement under U.S.S.G. §2D1.1; and that counsel was ineffective for having failed to challenge the subject enhancement.

The Court has carefully reviewed the instant Motion along

3

with the relevant documents from the record, and the Court has determined that this Motion should be summarily denied and dismissed for lack of merit.

## II. ANALYSIS

### 1. The petitioner's challenge to his sentence is barred by his waiver as set forth in his Plea Agreement.

The Fourth Circuit has repeatedly approved the knowing and voluntary waiver of a defendant's right to appeal. See, e.g., United States v. General, 278 F.3d 389, 399-01 (4th Cir.), cert. denied, 536 U.S. 950 (2002); United States v. Brown, 232 F.3d 399 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165 (4th Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (noting that defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial).

In the case at bar, the petitioner was represented by counsel during the periods in which he entered into his Plea Agreement and tendered his guilty plea to the Court. Additionally, the record reflects that during his Plea & Rule 11 Hearing, the petitioner swore that he understood the terms of his Agreement, including the waiver provision; and that he was knowingly and voluntarily waiving his right to a direct appeal

4

and to collaterally challenge any matters besides ineffective assistance of counsel or prosecutorial misconduct. Indeed, even at this point, the petitioner does not challenge his Plea Agreement or the validity of the waiver provisions set forth therein. Thus, notwithstanding his current assertion of ineffective assistance of counsel--which does not relate in any way to the petitioner's Plea Agreement, there simply is no reason why the petitioner's waiver should not be enforced in this case.

Accordingly, the Court finds that the waiver contained in petitioner's Plea Agreement is enforceable, and that only the petitioner's claim of ineffective assistance of counsel is cognizable by the Court.

### 2. **The petitioner cannot demonstrate either deficient performance or prejudice on his claim of ineffective assistance of counsel**.

As for his other claim, there the petitioner alleges that counsel was ineffective for having allowed the Court to apply the two-level firearm enhancement when he was never actually convicted of a firearm offense. However, as the Court will explain below, this claim must fail, ultimately because the petitioner is mistaken as to the significance of his not having been convicted of a gun charge.

With respect to allegations of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent it fell below an objec-

tive standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen'l. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978).

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Under these circumstances, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697.

6

More critically, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. at 53-59; Fields, 956 F.2d at 1294-99; and Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Hooper, 845 F.2d at 475 (emphasis added); accord Hill v. Lockhart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

In evaluating post-guilty plea claims of ineffective assistance, statements previously made under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299, citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977).

At this point, the Court believes it is significant to note that despite his having filed the instant multi-page Motion, no where in this document does the petitioner assert or otherwise suggest that but for counsel's alleged ineffectiveness, he would

7

not have pled guilty and would have insisted upon going to trial. Such omission is both telling and legally significant in that it vastly undermines the petitioner's ability to demonstrate that he was prejudiced in this case.

In any event, the record forecloses the petitioner's entitlement to relief here. To put it plainly, as was noted in the Court's factual recitation, the petitioner stipulated to the application of the two-level firearm enhancement under the terms of his Plea Agreement. In addition, the petitioner's Pre-sentence Report described him as a street level dealer who "routinely" carried firearms during his drug trafficking activities. Significantly, the petitioner has never objected to this description.

Consequently, notwithstanding the absence of an actual firearm charge or conviction, both the petitioner's stipulation and the information set forth in his Pre-sentence Report support the Court's decision to include the two-level enhancement in its sentence calculations. It goes without saying, therefore, that counsel was not ineffective for having decided not to challenge the subject enhancement.

Furthermore, the Court notes that even if the two-level enhancement had not been included in its calculations, the petitioner still would have been facing a sentence which was far greater than the one that he ultimately received. That is, in

8

the absence of the two-level increase, the petitioner's Guidelines sentencing range would have been 292 to 365 months imprisonment.  However, inasmuch as the petitioner did not receive a sentence in that range, but rather received a sentence which was <u>104 months less</u> than the lowest point in the range for which he now is arguing, he clearly cannot demonstrate any prejudice in connection with this claim.

### III.  <u>CONCLUSION</u>

The record of this matter reflects that the petitioner waived his right to challenge his sentence, and that he is not entitled to any relief on his remaining claim against counsel. Therefore, the instant Motion to Vacate will be <u>denied</u> and <u>dismissed</u>.

### IV. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

**Signed: August 31, 2005**

Richard L. Voorhees
United States District Judge